BROTHER INDUSTRIES (USA), INC., PLAINTIFF *v.* UNITED STATES, DEFENDANT, AND SMITH CORONA CORP., DEFENDANT-INTERVENOR

Court No. 91–11–00794

■■■■■■■■■■■

(Dated November 30, 1992)

*Tanaka Ritger & Middleton, (Patrick F. O'Leary),* for plaintiff.

*Stuart M. Gerson,* Assistant Attorney General, *David M. Cohen,* Director, United States Department of Justice, Civil Division, Commercial Litigation Branch *(Patricia L. Petty); Dean A. Pinkert,* Office of the Chief Counsel for Import Administration, United States Department of Commerce, of counsel, for defendant.

*Stewart and Stewart, (Eugene L. Stewart, Terence P. Stewart, James R. Cannon, Jr.* and *Charles A. St. Charles),* for defendant-intervenor.

## OPINION

RESTANI, *Judge:* Brother Industries (USA), Inc. ("BIUSA") seeks enforcement of the court's judgment of September 3, 1992, which requires the Department of Commerce to proceed with the next step of its investigation; that is, to determine whether an antidumping petition has been filed on behalf of the relevant domestic industry, and if so, to proceed with the remainder of the investigation.

The starting point of analysis is the presumption that appealed judgments of this court must be complied with upon expiration of thirty days from entry, unless a stay is granted pending appeal or a statute prevents immediate enforcement. *See* USCIT R. 62(a), (d) (judgments shall not be enforced or executed until thirty days after entry; stay may be granted pending appeal). The issue is whether 19 U.S.C. §§ 1516a(c) and 1516a(e) prohibit enforcement in the absence of a stay.

19 U.S.C. §§ 1516a(c)(1) and 1516a(e) read as follows:

### (c) Liquidation of entries

#### (1) Liquidation in accordance with determination

Unless such liquidation is enjoined by the court * * * entries of merchandise of the character covered by a determination of the Secretary, the administering authority, or the Commission contested under subsection (a) of this section shall be liquidated in accordance with the determination of the Secretary, the administering authority, or the Commission, if they are entered, or withdrawn from warehouse, for consumption on or before the date of publication in the Federal Register by the Secretary or the administering authority of a notice of a decision of the United States Court of International Trade, or of the United States Court of Appeals for the Federal Circuit, not in harmony with that determination. Such notice of a decision shall be published within ten days from the date of the issuance of the court decision.

\*      \*      \*      \*      \*      \*      \*

### (e) Liquidation in accordance with final decision

If the cause of action is sustained in whole or in part by a decision of the United States Court of International Trade or of the United States Court of Appeals for the Federal Circuit —

(1) entries of merchandise of the character covered by the published determination of the Secretary, the administering authority, or the Commission, which is entered, or withdrawn from warehouse, for consumption after the date of publication in the Federal Register by the Secretary or the administering authority of a notice of the court decision,

\* \* \* \* \* \* \*

shall be liquidated in accordance with the final court decision in the action. Such notice of the court decision shall be published within ten days from the date of the issuance of the court decision.

19 U.S.C. §§ 1516a(c)(1), 1516a(e) (1988). These sections determine the effect of legal action on liquidation of entries. As the court has indicated previously, these sections apply only to court decisions adverse to Commerce that affect liquidation. *See Consol. Int'l Automotive, Inc. v. United States,* 16 CIT 269, Slip Op. 92–54, at 3 (Apr. 8, 1992) (liquidation suspended previously; changes in deposit rates not result of court decision adverse to Commerce); *cf. Badger-Powhatan v. United States,* 10 CIT 454, 455 n.2, 638 F. Supp. 344, 346 n.2 (1986) (prior to October 30, 1984, annual reviews to set duty rates for liquidation purposes were mandatory; accordingly, judgments affecting original investigation deposit rates did not affect liquidation and were not governed by 19 U.S.C. §§ 1516a(c) and (e)).

The court's judgment in this action requires Commerce to proceed with its investigation. The investigation may result in suspension of liquidation and eventual liquidation of entries at the rate established in the investigation. Thus, the court's decision has at least potential effect on liquidations. Therefore, a close examination of the applicable sections and the cases interpreting them, notably *Timken Company v. United States,* 893 F.2d 337 (Fed. Cir. 1990) and *Smith Corona Corp. v. United States,* 915 F.2d 683 (Fed. Cir. 1990), is required.

In *Timken Co.* the court specifically held that under 19 U.S.C. § 1516a(e) liquidation of entries should not take place in accordance with a court decision adverse to the Commerce Department until the decision is final in the sense that appellate remedies have been exhausted. 893 F.2d at 339–40. It made clear, however, that suspension of liquidation *should* be affected by adverse court decisions so that if the decision is affirmed on appeal, liquidation of entries made subsequent to the court decision will take place in accordance with the court's decision.[1] *Id.* at 341.

---

[1] To be exact, the entries affected will be those "entered, or withdrawn from warehouse, for consumption after the date of publication * * * of a notice of the court decision * * *." 19 U.S.C. § 1516a(e).

The court also distinguished *Melamine Chemicals, Inc. v. United States,* 732 F.2d 924 (Fed. Cir. 1984), wherein the Court of International Trade had ordered recision of a negative determination. 893 F.2d at 341. The court found that *Melamine* did not involve a final appealable determination, and rejected as *dicta,* language in *Melamine* applying 19 U.S.C. § 1516a broadly to prevent implementation of court decisions. *Id. Smith Corona* is in accord. 915 F.2d at 688.

The court concludes that in the absence of a stay *Timken* requires Commerce to proceed at once with implementation of the court decision, and if the investigation results in a preliminary affirmative determination, to suspend liquidation.